1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>        Plaintiff,<br><br> v.<br><br>CHRISTINE V. OLSEN, *et al.*,<br><br>        Defendants. | Case No. 16-cv-640-BAS(JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 2, 3]** |

   On March 15, 2016, Plaintiff Kendrick Bangs Kellogg, proceeding *pro se*, commenced this action against Christine V. Olsen, John Koskinen in his capacity as Commissioner of the Internal Revenue Service, and the Tax Division of the U.S. Department of Justice.  On the same day, Plaintiff also filed a motion for appointment of counsel and a motion seeking leave to proceed *in forma pauperis* ("IFP").  For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DENIES WITHOUT PREJUDICE** his motion for appointment of counsel.

## I.      MOTION FOR *IN FORMA PAUPERIS*

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency").  It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family).  Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement).  In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and

1  certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

2       Having read and considered Plaintiff's application, the Court finds that
3  Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status.  Plaintiff is an
4  unemployed 82-year-old on a fixed retirement income of $1,100 per month.  (IFP
5  Mot. ¶¶ 1-3, 11.)  No other sources of income or assets are listed for him and his
6  spouse.  (*Id.* ¶¶ 1, 4-6.)  Though Plaintiff summarizes his monthly expenses as
7  "none," the sum of expenses identified amounts to $1,830 between Plaintiff and his
8  spouse.  (*Id.* ¶ 8.)  Plaintiff's expenses and debt are clearly greater than his current
9  sources of income.  Consequently, the Court finds that requiring Plaintiff to pay the
10  court filing fees would impair his ability to obtain the necessities of life.  *See Adkins*,
11  335 U.S. at 339.

12       In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave
13  to proceed *in forma pauperis*.  (ECF No. 2.)  However, if it appears at any time in the
14  future that Plaintiff's financial picture has improved for any reason, the Court will
15  direct Plaintiff to pay the filing fee to the Clerk of the Court.  **This includes any**
16  **recovery Plaintiff may realize from this suit or others, and any assistance**
17  **Plaintiff may receive from family or the government.**

18

19  **II.   MOTION FOR APPOINTMENT OF COUNSEL**

20       There is no constitutional right to the appointment of counsel in a civil case.
21  *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd.*
22  *of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  "However, a
23  court may under 'exceptional circumstances' appoint counsel for indigent civil
24  litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Palmer v. Valdez*, 560 F.3d 965, 970
25  (9th Cir. 2004) (citing *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.
26  2004)).  "When determining whether 'exceptional circumstances' exist, a court must
27  consider 'the likelihood of success on the merits as well as the ability of the petitioner
28  to articulate his claims *pro se* in light of the complexity of the legal issues involved."

*Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The basis of Plaintiff's motion for the appointment of counsel is that he has not been able to obtain counsel because of his "poverty" despite his diligence. (Counsel Mot. ¶ 2.)  Plaintiff identifies at least two attorneys he has asked to take his case, but both rejected him.  (*Id.* ¶¶ 4-5.)  He adds that counsel is needed because of issues with his memory and the need for assistance in understanding and prosecuting this action.  (*Id.* ¶ 7.)  However, the circumstances described fail to demonstrate "exceptional circumstances" warranting the appointment of counsel.  *See Palmer*, 560 F.3d at 965.   Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel.  (ECF No. 3.)

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED.**

**DATED:  March 16, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**

16cv640